IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ODELL RICHARDS, JR.,            )
                                )
            Plaintiff,          )
                                )
      v.                        )     1:08CV297
                                )
ERSHIGS, INC. and DENALI, INC., )
                                )
            Defendants.         )

**ORDER AND MEMORANDUM OPINION AND RECOMMENDATION
OF MAGISTRATE JUDGE ELIASON**

This case, an employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., comes before the Court on two related motions: Defendants' motion to dismiss pursuant to Rule 12(b)(6) and Plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a). Defendants argue for dismissal based on Plaintiff's alleged failure to file his complaint within 90 days of his receipt of a notice of right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), as required by Title VII. See 42 U.S.C. § 2000e-5(f)(1); see also Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993)(statute creates 90-day statute of limitations). Plaintiff's sole defense to Defendant's motion is his proposed amendment, which clarifies the timing of his right to sue letter.

The pertinent facts are as follows. In his original complaint, filed April 29, 2008, Plaintiff alleges that he received his letter from the EEOC on January 29, 2008. (Compl. ¶ 8.) He

then alleges that, by filing the present lawsuit, he filed within 90 days of receiving that letter. (Id.) However, as Defendants correctly point out, 91 days actually elapsed between the two dates Plaintiff provides. When Defendants informed Plaintiff of this potentially fatal problem through its motion to dismiss, Plaintiff responded, both through a responsive pleading, (see docket no. 14), and his pending motion to amend. Plaintiff now contends that his right to sue letter was simply dated January 29, 2008, but that this is not the date he received the letter. (Docket No. 15.) His response further asserts that he actually received the letter on February 1, 2008. (Docket No. 14.)

Because Defendants do not oppose Plaintiff's motion to amend the complaint, (see Docket No. 16), that motion will be granted. This not only moots Defendants' motion to dismiss, but also the amended complaint removes Defendants' only basis for dismissal. As a result, the motion to dismiss should be denied. Plaintiff's alleged date of actual receipt, February 1, 2008, clearly falls within 90 days of the date he filed this action. In fact, this receipt date would be presumed absent its assertion in the complaint. Where the actual receipt date of a right to sue letter is unknown, it will be presumed that service by regular mail is received within three days. Fed. R. Civ. P. 6(e); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 (1984).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend the complaint (docket no. 15) is granted, and the complaint is deemed amended as set out in the motion, but Defendants need not file a

further answer admitting or denying the amendment unless they wish to renew their motion to dismiss.

**IT IS RECOMMENDED** that Defendant's motion to dismiss (docket no. 7) be denied.

_____
**United States Magistrate Judge**

October 30, 2008